UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROOSEVELT WASHINGTON,**

      **Plaintiff,**

  v.                                  **Civil Action 2:25-cv-535**
                                          **Judge James L. Graham**
                                          **Magistrate Judge Chelsey M. Vascura**

**RODEWAY INN,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Roosevelt Washington, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint (ECF No. 1-1) under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

2

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that, ever since he turned down a sizeable monetary settlement seven years ago from the hospital at which his child was delivered stillborn, every house he has rented for his family ended up being sold during his tenancy, requiring him to move. He alleges that he has been forced to stay in hotels, and the same thing has begun happening—he "[stays] for a minute and they say they got [a] complaint[,] don't say what [the complaints] are and tell me I got to go." (Compl. 3, ECF No. 1-1.) Plaintiff asserts that he "applied for CMHA housing years ago and can't get affordable housing for [his] family" and "just want[s] the agency to leave me

3

alone." (*Id.*) Although the Complaint caption names "Rodeway Inn" as the sole Defendant, and Plaintiff writes "racial discrimination" as his brief description of his cause on the civil cover sheet, the Complaint contains no allegations pertaining to Rodeway Inn or discrimination of any kind.

Plaintiff's allegations are threadbare and do not give rise to any cognizable cause of action. Even if the Court construed the Complaint to allege that Defendant Rodeway Inn was a hotel at which Plaintiff stayed, and which forced him to vacate after receiving unspecified complaints as a pretext for racial discrimination, and even if the Court construed Plaintiff's allegations to advance a claim for racial discrimination under the public accommodations provisions of the Title II of Civil Rights Act of 1964, Plaintiff alleges no facts that would allow the Court to conclude that Plaintiff was the victim of racial discrimination. *See*, *e.g.*, *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 605 (S.D. Ohio 2016) (plaintiff advancing claim for racial discrimination in public accommodations under Title II must present either direct evidence of discrimination, or circumstantial evidence (including that the plaintiff was treated less favorably than similarly situated persons who are not members of the plaintiff's protected class)). Plaintiff here has not alleged that Rodeway Inn, *e.g.*, told Plaintiff that he could not stay because of his race, or treated individuals of other races who had received complaints more favorably than Plaintiff. Instead, Plaintiff's allegations are precisely the kind of "naked assertion devoid of further factual enhancement" that do not suffice under *Iqbal*. *See* 556 U.S. at 678. Plaintiff's allegations therefore fail to state a claim on which relief can be granted and his Complaint must be dismissed.

### III. DISPOSITION

For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. The undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** under § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE